Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| CARLOS MANUEL URRUTIA BRUZÓN Y OTROS<br><br>Recurrida<br><br>v.<br><br>MUNICIPIO DE GUAYNABO Y OTROS<br><br>Peticionaria | KLCE202301370 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Sobre:<br>Caída<br><br>Caso Número:<br>GB2019CV00431 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 8 de febrero de 2024.

La parte peticionaria, el Municipio Autónomo de Guaynabo, comparece ante nos para que dejemos sin efecto una determinación emitida por el Tribunal de Primera Instancia, Sala de Bayamón, el 4 de octubre de 2023, notificada el 6 de octubre de 2023. Mediante la misma, el foro primario declaró *No Ha Lugar* una solicitud de desestimación promovida por la parte peticionaria. Lo anterior, dentro de una acción sobre daños y perjuicios incoada en su contra por los aquí recurridos, Carlos M. Urrutia Bruzón, su señora esposa, Neriana Vicenty de Cardona y la Sociedad Legal de Gananciales por ambos compuesta.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso por falta de jurisdicción.

**I**

El 10 de abril de 2019, los recurridos presentaron la demanda de epígrafe en contra de, entre otros codemandados, el Municipio compareciente. Una vez trabada la controversia, y tras acontecidas múltiples incidencias no pertinentes al asunto que nos ocupa, el 12

de julio de 2023, se dio inicio a una vista evidenciaria sobre el criterio de negligencia en litigio. El 4 de octubre de 2023 se continuaron los procedimientos inherentes a la referida audiencia.

Conforme surge de la *Minuta* del 4 de octubre de 2023, durante la vista en cuestión, la entidad peticionaria, por conducto de sus representantes legales, solicitó la desestimación de la demanda de epígrafe al amparo de lo dispuesto en la Regla 39.2 (c) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2 (c). El Tribunal de Primera Instancia denegó la referida solicitud en corte abierta. La *Minuta* de los procedimientos se notificó el 6 de octubre de 2023.

En desacuerdo con lo anterior, el 19 de octubre de 2023, la parte peticionaria presentó una *Moción en Solicitud de Reconsideración a Determinación Notificada Mediante Minuta el 6 de octubre 2023.* Ahora bien, conforme surge de los documentos de autos y del expediente electrónico del caso de epígrafe, en igual fecha, las codemandadas, Caparra Center Associates y QBE Insurance Company, también presentaron una *Moción de Reconsideración* respecto a la denegatoria antes aludida. Surge que, respecto a ambos pliegos, se presentaron los correspondientes escritos en oposición.

Así las cosas, el 7 de noviembre de 2023, mediante *Orden* a los efectos, el Tribunal de Primera Instancia declaró *No Ha Lugar* la reconsideración promovida por el Municipio peticionario. Sin embargo, el foro de origen no ha adjudicado la reconsideración promovida por las codemandadas Caparra Center Associates y QBE Insurance Company.

El 5 de diciembre de 2023, la parte peticionaria compareció ante nos mediante el presente recurso de *certiorari*. En esencia, impugna la legitimidad de la denegatoria a la desestimación que solicitó.

Procedemos a expresarnos.

## II

### A

La *moción de reconsideración* constituye el mecanismo procesal que facilita al juzgador de hechos reexaminar su proceder en cuanto a una controversia sometida a su escrutinio para que, en determinado período, resuelva si es meritorio que sea enmendado o que quede sujeto a una mayor evaluación. *Caro v. Cardona,* 158 DPR 592, 597 (2003). De este modo, los foros judiciales tienen la facultad de reconsiderar sus dictámenes, siempre que ostenten jurisdicción sobre el caso. *Div. Empleados Públicos UGT v. CEMPR,* 2023 TSPR 107, 212 DPR ___ (2023).

A tenor con la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, la parte adversamente afectada por una *orden* o *resolución* emitida por el Tribunal de Primera Instancia puede servirse del término de quince (15) días desde la fecha de notificación de la misma, para solicitar su correspondiente reconsideración, mediante moción a tal fin. El referido plazo es uno de cumplimiento estricto. Ahora bien, en cuanto a la implicación procesal de una oportuna moción de reconsideración, el referido estatuto dispone como sigue:

> [...]
>
> Una vez presentada la moción de reconsideración, **quedarán interrumpidos los términos para recurrir en alzada para todas las partes.** Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.
>
> [...].
>
> 32 LPRA Ap. V, R. 47. (Énfasis nuestro.)

### B

Por su parte, la jurisdicción se define como el poder o autoridad del cual dispone un tribunal para atender y adjudicar casos o controversias. *FCPR v. ELA et al,* 211 DPR 521, 529 (2023); *Adm. Terrenos v. Ponce Bayland,* 207 DPR 586, 600 (2021); *SLG.*

*Solá Moreno v. Bengoa Becerra,* 182 DPR 675, 682 (2011). Es premisa cardinal en nuestro estado de derecho que los tribunales de justicia deben ser celosos guardianes de su jurisdicción, estando obligados a considerar tal asunto aún en defecto de señalamiento del mismo. De ahí que las cuestiones relativas a la jurisdicción son de carácter privilegiado y las mismas deben resolverse con preferencia a cualesquiera otras. *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018); *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014); *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 DPR 289, 297 (2016). La falta de jurisdicción no es susceptible de ser subsanada y, ante lo determinante de este aspecto, el mismo puede considerarse, incluso, *motu proprio. Mun. de San Sebastián v. QMC Telecom,* supra.

En el anterior contexto y relativo a la causa que nos ocupa, la doctrina vigente establece que un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción, por lo que, de cumplirse esta instancia, el mismo carece de eficacia jurídica. *Báez Figueroa v. Adm. Corrección,* 209 DPR 288, 299 (2022). Un recurso en alzada que se presenta antes de tiempo no produce efecto jurídico alguno, puesto que no existe autoridad judicial para acogerlo. *Íd.*

De otro lado, en materia de derecho apelativo, y conforme al ordenamiento procesal vigente, la Regla 52.2 (b) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2 (b), establece que los recursos de *certiorari* sometidos a la consideración del Tribunal de Apelaciones para revisar resoluciones u órdenes emitidas por el Tribunal de Primera Instancia, deberán ser presentados dentro del término de treinta (30) días a partir de la fecha de notificación de la resolución u orden recurrida. Por su parte, la Regla 32 (D) del Reglamento del

Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 32 (D), establece igual periodo para la formalización de dicho recurso.

**III**

La parte peticionaria recurre de una *Resolución* notificada el 6 de octubre de 2023, mediante la cual se denegó una solicitud de desestimación. Respecto a la misma, oportunamente presentó una solicitud de reconsideración que, ciertamente tuvo un efecto interruptor sobre los procedimientos. Dicha petición se declaró *No Ha Lugar* mediante *Orden* del 7 de noviembre de 2023.

Ahora bien, aun cuando el tribunal primario adjudicó la referida solicitud de reconsideración, el término para acudir ante nos no ha retomado su curso. De los documentos que obran en autos surge que las codemandadas en el pleito de epígrafe, Caparra Center Associates y QBE Insurance Company, igualmente solicitaron la reconsideración de lo resuelto. Sin embargo, respecto a esta petición, ni en la prueba que compone el expediente que atendemos, ni en los registros del caso de epígrafe en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), surge que el Tribunal de Primera Instancia haya adjudicado la misma.

Reiteramos que la presentación de una moción de reconsideración, cuando es oportuna y cumple con las exigencias legales pertinentes, tiene el efecto de interrumpir el término legal y reglamentario aplicable para acudir en alzada, ello hasta tanto se notifique adecuadamente la resolución atendiendo la reconsideración. En el caso de autos, aún queda pendiente de adjudicación la *Moción de Reconsideración* presentada por las codemandadas en el pleito que nos ocupa. Por tanto, en consideración a lo expresamente dispuesto en nuestro ordenamiento procesal, en la presente causa, los términos para acudir en alzada aún continúan interrumpidos, hasta tanto el foro de origen se exprese sobre la reconsideración propuesta por las

codemandadas Caparra Center Associates y QBE Insurance Company. Siendo así, resulta correcto concluir que el recurso de epígrafe es un llamado anticipado al ejercicio de nuestras funciones. Por lo tanto, solo podemos proveer para su desestimación por carecer de jurisdicción para acogerlo. Advertimos que el Tribunal de Primera Instancia debe esperar la emisión del mandato por parte de este Foro para poder resolver la reconsideración pendiente.

**IV**

Por los fundamentos que anteceden, se desestima el presente recurso de *certiorari* por falta de jurisdicción.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones